NO. 07-10-00117-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
16, 2011

 



 

PERRY MARK BROADIE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 56,376-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

A jury convicted appellant Perry Mark
Broadie of aggravated assault, by causing Billie Cain
serious bodily injury,[1]
and sentenced him to seventeen years confinement in prison.  His court-appointed appellate counsel has
filed a motion to withdraw supported by an Anders[2]
brief.  We will grant counsel’s motion to
withdraw and affirm the judgment of the trial court.

According to evidence at trial, Cain
was appellant’s common law wife.  After consuming substantial amounts of alcohol, appellant and Cain
argued in the presence of a guest. 
The argument escalated.  Appellant
landed several blows to Cain’s face.  The
couple’s guest went to a nearby convenience store and telephoned 911.  During the call he reported “a man” is
“trying to kill his wife . . .  And she
can’t get away from him he’s already beat her up horrible.”

EMS transported Cain to a local
hospital.  According to medical records,
she presented with “[s]oft-tissue swelling on the right side of the face with
left orbital floor blowout fracture.”  By
the time of trial, over two and one-half years had passed since the event in
question.  Cain testified she experienced
nerve damage on the right side of her face which continued causing pain and the
loss of feeling.  She described
difficulty breathing when sleeping on her left side.  She also described blurred vision, headaches,
and facial pain during cold weather.  

Appellant testified that Cain cut him
with a knife and he hit her in the face with his fist.  A struggle over the knife ensued.  As she tried to cut him he struck her again.  The jury charge contained instructions and an
application paragraph on self-defense. 

The jury found appellant guilty and
after hearing punishment evidence sentenced him to seventeen years confinement
in prison and assessed a $2,000 fine. 
The trial court certified appellant’s right of appeal and this appeal
followed.

Appellant’s court appointed appellate
counsel has filed a motion to withdraw supported by an Anders brief.  In the brief,
she certifies diligently reviewing the record and opines under the controlling
authorities and facts of the cases no reversible error or legitimate ground for
arguably predicating a non-frivolous appeal exists.  The brief discusses in detail the procedural
history of the case and the events at trial. 
Counsel discusses the applicable law and sets forth the reasons she
believes no arguably meritorious issues for appeal exist.  Counsel certifies that a copy of the Anders brief and her motion to withdraw
were served on appellant, and counsel advised appellant of his right to review
the record and file a pro se
response.  Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. refused).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel.  Appellant did not file a response.

In conformity with the standards set
out by the United States Supreme Court, we will not rule on the motion to
withdraw until we have independently examined the record in each matter.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San
Antonio 1997, no pet.).  If we determine
the appeal has arguable merit, we will remand it to the trial court for
appointment of new counsel.  Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App.1991).

By the Anders brief, counsel raises grounds that could possibly support an
appeal, but explains why none show reversible error.  She concludes the appeal is frivolous.  We have reviewed each ground and made an
independent review of the entire record to determine whether arguable grounds supporting
an appeal exist.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We find no arguable grounds
supporting a claim of reversible error, and agree with counsel that the appeal
is frivolous.

Accordingly, we grant counsel’s
motion to withdraw[3]
and affirm the judgment of the trial court.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not
publish.

 

 

 











[1] 
See Tex. Penal Code Ann. §
22.02(a)(1) (West Supp. 2010).  Aggravated assault is a second degree felony
except when charged on grounds not alleged here it is a first degree
felony.  See Tex. Penal Code Ann. § 22.02(b) (West Supp. 2010).  A second degree felony is punishable by
confinement for any term of not more than 20 years or less than 2 years and a
fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33 (West Supp. 2010).  A conviction under § 22.02(a) predicated on
the violation of sub-paragraph (1) requires proof of “serious bodily injury.”  “Serious bodily injury” means “bodily injury
that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.”  Tex. Penal
Code Ann. § 1.07(a)(46) (West Supp. 2010).





[2] Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967); see In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008).

 





[3] Counsel shall, within five days
after the opinion is handed down, send her client a copy of the opinion and
judgment, along with notification of the defendant's right to file a pro se
petition for discretionary review. Tex. R. App. P. 48.4.